**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **WILLIE BERNARD JACKSON,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **No. 5:15-cv-00190-MTT-CHW** |
| | : | |
| **Warden PHILLIP HALL,** | : | **Proceedings Under 28 U.S.C. § 2254** |
| | : | **Before the U.S. Magistrate Judge** |
| **Respondent.** | : | |
| | : | |

**REPORT AND RECOMMENDATION**

On May 26, 2015, Petitioner, Willie Bernard Jackson, filed a federal habeas action pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss as untimely on October 23, 2015, alleging that Petitioner failed to comply with the 1-year period of limitations applicable to Section 2254 habeas actions. Because Petitioner failed to file his Petition within the 1- year period of limitations prescribed by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d), it is **RECOMMENDED** that Respondent's Motion to Dismiss as Untimely be **GRANTED**.

FACTUAL AND PROCEDURAL HISTORY

On March 2, 1966, Petitioner was convicted of murder in Bibb County, Georgia, and sentenced to a life term of imprisonment. Doc 11-4, p. 29 – 30. Petitioner was released from prison on parole approximately twenty-five years later. Doc. 11-4, p. 35. Five months after his release, in October 1991, Petitioner violated the terms of his parole by possessing cocaine with the intent to distribute. Doc. 11-4, p. 36. Petitioner's parole was revoked for the remainder of his life sentence. *Id*. On March 1, 2000, Petitioner was "resentenced" in the Superior Court of

Houston County to a twenty year term of imprisonment related to the 1991 controlled substance offense.[1] The sentencing Court imposed the sentence *nunc pro tunc* to February 6, 1992.[2]

Petitioner filed an application for writ of habeas corpus in the Superior Court of Lowndes County on April 13, 2012. Doc. 11-1, p. 1. Petitioner raised a single claim of relief contesting his 1966 conviction for murder on the basis that his Houston County conviction[3] in 2000, *nunc pro tunc* to 1992, prevented him from being considered for parole on his life sentence for murder. According to Petitioner, the negation of his eligibility for parole on his life sentence rendered the conviction a "nullity." Doc. 11-1, p. 4. The habeas court interpreted Petitioner to be contesting the fact that he had not been considered for parole on his life sentence since his Houston County conviction expired and dismissed the claim as not cognizable in a habeas corpus action. Doc. 11-2, p. 3. The state habeas corpus decision found that "it is clear that Petitioner is not challenging the validity of his convictions but is complaining about parole consideration and/or eligibility." *Id*. Judgment was entered on February 11, 2014, and Petitioner's Application for Certificate of Probable Cause to appeal was denied by the Supreme Court of Georgia on June 2, 2014. Petitioner then filed the instant action on May 26, 2015.

Petitioner argues that his life sentence was rendered void by his 20 year recidivist controlled substance conviction. According to Petitioner, since he had an annual parole review for his life sentence, and his twenty year controlled substance offense prevented him from being eligible for parole on his life sentence, the life sentence is void. Petitioner appears to bring a due process claim that he was entitled to parole consideration for his life sentence, and his twenty

---

[1] The record indicates that Petitioner was found guilty of the offense following a jury trial, but it is unclear when the trial occurred or when judgment of conviction was entered.

[2] "Generally a judgment entered nun pro tunc relates back to the time when should have been entered and complete the record." *Tanner v. Wilson*, 58 Ga. App.229 (1938). According to the state habeas court, Petitioner's jury trial occurred in March 2000.

[3] It is unclear from the record when Petitioner went to trial on his Houston County conviction. The sentence was entered in March 2000.

year sentence functioned to deny him access to the parole process. According to Petitioner, this rendered his life sentence void.

**NEED FOR AN EVIDENTIARY HEARING**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244, factual determinations made by a state court are presumed to be correct but can be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). As such, "an evidentiary hearing may be necessary where the material facts are in dispute, but a petitioner is not entitled to an evidentiary hearing when his claims are merely conclusory allegations unsupported by specifics." *Pugh v. Smith*, 465 F.3d 1295, 1300 (11th Cir. 2006) (internal citations omitted). "Section 2244 "does not require a hearing on the issue of time-bar or equitable tolling, so the decision as to whether to conduct an evidentiary inquiry is a matter left to the sound discretion of the district court.'" *San Martin v. McNeil*, 633, F.3d 1257 (11th Cir. 2011) (citing *Drew v. Dept. of Corr.*, 297 F.3d 1278, 1292 (11th Cir. 2002) (overruled on other grounds)). After a careful review of the record, and in light of the statement of facts presented herein, no evidentiary hearing is warranted in this case.

DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a 1-year limitations period on petitions for habeas corpus relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). In this case, the limitations period began running from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Section 2244(d)(1)(D).

Petitioner is attacking his 1966 conviction on the ground that it was rendered void by his Houston County controlled substance sentence. Petitioner's alleges two different dates on which

he became aware that his sentence was void. First, Petitioner argues that the factual predicate for his claim occurred on March 2, 2000, the date he was sentenced to a twenty year recidivist sentence in Houston County. Second, Petitioner argues that the factual predicate for his claim occurred at the expiration of his Houston County sentence, when he was not given parole on his 1966 life sentence. Third, construing Petitioner's pleadings liberally and in the context of his overall claim, petitioner also seeks to challenge the October 1991 order revoking his parole. Petitioner's allegation that his sentence is "void" is untimely under either factual predicate related to his Houston County conviction. Petitioner's claim challenging his parole revocation is also untimely.

First, if the factual predicate for Petitioner's claim occurred when his Houston County conviction was made to run concurrent to his life sentence, then the instant action is over a decade too late. Petitioner was sentenced in Houston County on March 1, 2000. If this is the action which allegedly rendered Petitioner's life sentence void, then he had one year from that date to file for habeas relief in federal court or otherwise toll the AEDPA clock. Petitioner did not file an appeal or otherwise attack this conviction until April 2012. During the interim period the AEDPA clock was not tolled, and the time for timely filing a federal habeas action expired on March 1, 2001. Therefore, insofar as the March 1, 2000, Houston County sentence may be the factual predicate of Petitioner's claim, his claim is untimely by over a decade.

On the other hand, if the factual predicate of Petitioner's claim occurred when his controlled substance sentence expired and he still was not released on parole for his life sentence, the factual predicate to Petitioner's claim occurred in February 6, 2012. The AEDPA clock began running on that date, and Petitioner filed no state court action until two months later on April 13, 2012. The AEDPA clock was then potentially tolled until June 2, 2014, when the

Supreme Court of Georgia denied Petitioner's application for certificate of probable cause to appeal. See Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (Section 2244(d)(2) does not permit tolling for the period of time a Petitioner could have sought review with the United State Supreme Court following the denial of state habeas relief.). Petitioner then waited until May 2015 to file his federal habeas action, and the AEDPA clock ran for an additional eleven months. Notwithstanding the periods in which the AEDPA clock may have been tolled due to Petitioner's pending state habeas action, the AEDPA clock ran for thirteen months between the expiration of Petitioner's twenty year sentence and the filing of the instant action. Therefore, the instant action is untimely if the factual predicate to Petitioner's claim is the date on which his Houston County controlled substance sentence expired.

Third, although Petitioner alleges that he was ineligible for parole due to his Houston County conviction running concurrent with his life sentence, it appears that Petitioner's parole had already been revoked by the time his Houston County sentence was entered. Construing Petitioner's pleadings liberally in the context of his overall claim, Petitioner raises a claim challenging his parole revocation. The Georgia State Board of Pardons and Parole revoked[4] Petitioner's parole in October 1991. Doc. 11-4, p. 36. The time for challenging Petitioner's parole revocation is governed by AEDPA, and the 1-year limitation period began running on the date on which revocation was ordered. See *Ray v. Mitchem*, 272, F. App'x 807, 809 (11th Cir. 2008). Therefore, the AEDPA clock expired in October 1992. Petitioner did not file an appeal or collaterally attack his parole revocation until April 2012. Notwithstanding any potential tolling effect Petitioner's collateral attack may have, the AEDPA limitations period had expired nearly

---

[4] "[T]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholz v. Inmates of Nebraska Penal and Correction Complex*, 442 U.S. 1, 7 (1979). Parole revocation "deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions." *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). Further,

twenty years previously. Therefore, Petitioner's claim challenging his October 1991 parole revocation is clearly untimely.

Although the instant federal habeas petition is untimely, District Courts may equitably toll AEDPA's limitations period where a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010). Petitioner was ordered to respond to Respondent's motion to dismiss on October 30, 2015, but he failed to do so as of the date of this decision. Therefore, Petitioner does not argue that he pursued his rights diligently or that circumstances prevented him from complying with AEDPA's 1-year limitations period. A careful review of his petition, argument, and the evidence in the record does not suggest that Petitioner is entitled to tolling.

CONCLUSION

Petitioner's allegation that his 1966 life sentence was made void by a concurrent controlled substance offence presents multiple possible dates for which the claim could have been discovered. The date for each possible predicate fact occurred well before Petitioner filed his federal habeas action, and notwithstanding the potential tolling effect of Petitioner's 2012 state habeas action, his claim is untimely. Petitioner's challenge to his 1991 parole revocation is also untimely. Therefore, it is **RECOMMENDED** that Respondent's Motion to Dismiss as Untimely (Doc. 10) be **GRANTED** and that the instant petition be **DISMISSED** as **UNTIMELY**. Additionally, Pursuant to the requirements of Rule 11 of the rules governing Section 2254 cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S.

473, 483-84 (2000). Therefore, it is **FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 15th day of March, 2016.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge