IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **WILLIE BERNARD JACKSON,** | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 5:15-cv-190 (MTT) |
| Warden **PHILLIP HALL,** | ) |
| Respondent. | ) |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends granting the Respondent's motion to dismiss the Petitioner's Section 2254 habeas petition as untimely. (Docs. 10, 13). The Magistrate Judge also recommends that the Court deny a certificate of appealability. The Petitioner has objected to the Recommendation. (Doc. 14). Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Petitioner's objection and has made a de novo determination of the portions of the Recommendation to which the Petitioner objects.

In his objection, the Petitioner points out that he was tried, convicted, and sentenced before the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), so the AEDPA clock could not have expired in October 1992 as the Magistrate Judge indicated. (Doc. 14 at 2). He is correct. A petitioner whose conviction became final before the AEDPA went into effect had a one-year period after the enactment of the AEDPA in which he could timely file a federal habeas corpus petition. *Wilcox v. Fla. Dep't of Corrs.,* 158 F.3d 1209, 1211 (11th Cir. 1998). As such,

-2-

a petitioner whose conviction became final before April 24, 1996 had until April 23, 1997 to timely file a federal habeas corpus petition. *Id.* As the Magistrate Judge pointed out, the "Petitioner did not file an appeal or collaterally attack his parole revocation until April 2012." (Doc. 13 at 5). The AEDPA limitations period had expired fifteen years previously, and the Petitioner's claim challenging his October 1991 parole revocation is untimely.

The Court has reviewed the Recommendation and accepts the findings, conclusions, and recommendations of the Magistrate Judge except as modified in this order. The Recommendation is **ADOPTED as modified** and made the order of this Court. Accordingly, the Respondent's motion to dismiss (Doc. 10) is **GRANTED**, and the petition is **DISMISSED**, and a certificate of appealability is **DENIED**. Additionally, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Accordingly, any motion to proceed *in forma pauperis* on appeal is **DENIED**.

**SO ORDERED**, this 14th day of June, 2016.

                                                                                  S/ Marc T. Treadwell
                                                                                  MARC T. TREADWELL, JUDGE
                                                                                   UNITED STATES DISTRICT COURT